NOT FOR PUBLICATION (Doc. No. 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Dane KNUTSON, | : |
| Plaintiff, | : Civil No. 16-306 (RBK/JS) |
| v. | : **Opinion** |
| SELECTIVE INSURANCE COMPANY, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Dane Knutson's ("Plaintiff") Complaint against Defendant Selective Insurance Company ("Defendant") asserting breach of an insurance contract. Currently before the Court is Defendant's Motion for Summary Judgment (Doc. No. 13). For the reasons stated herein, Defendant's Motion is **GRANTED**.

I.   BACKGROUND

A.   Facts

Plaintiff seeks to recover for damage to his property incurred as a result of Hurricane Sandy. Def.'s Statement of Undisputed Material Facts ("Def.'s SMF") ¶ 4. Plaintiff's property was insured under a Standard Flood Insurance Policy ("SFIP") issued by Defendant under the National Flood Insurance Program. *Id.* ¶ 2. On November 24, 2012, Defendant arranged for an independent adjuster ("I.A.") to inspect the property. *Id.* ¶ 5. Based on the I.A.'s reports, Defendant paid a total of $142,776.83 for building coverage and $4,232.39 for contents coverage between March 2013 and November 2014. *See id.* ¶¶ 6–17.

Plaintiff also hired a public adjuster, Gene Mehmel, to complete an estimate of building damages. *Id.* ¶ 18. Mehmel submitted a proof of loss to Selective that estimated damages to total $109,535.39, *id.* ¶ 18; the parties, however, dispute whether he ever sent a proof of loss that was signed. Plaintiff contends that Mehmel initially transmitted an unsigned version to Defendant in late April 2014, but subsequently obtained Plaintiff's notarized signature on the document on April 26, 2014 and resubmitted signed copies on two occasions. Pl.'s Opp'n, Mehmel Decl. ¶¶ 7–8. While Mehmel has a copy of the signed proof of loss, he has no records that show he submitted it to Defendant. *Id.* ¶¶ 8–9. Nor does he recall when he allegedly sent them. Def.'s SMF ¶¶ 42–44. Defendant by contrast claims it never received a proof of loss that bore Plaintiff's signature prior to this suit. Def.'s SMF ¶ 20. Defendant's Motion contains a copy of Mehmel's email on April 29, 2014, which attaches a proof of loss document that lacks a signature. *Id.* ¶ 18.

### B. Procedural History

Plaintiff brought the present Complaint on January 15, 2016 for breach of the insurance contract (Doc. No. 1). Defendant then filed the present Motion for Summary Judgment on October 3, 2016 (Doc. No. 13).

## II. LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in her favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *See also Maldonado v. Ramirez*, 75 F.2d 48, 51 (3d Cir. 1985) (noting that an "affiant must ordinarily set forth facts, rather than opinions or conclusions"); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) ("[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."). Where the Declarant fails to provide a basis of knowledge for her statement, a particular statement may be unsuitable for consideration upon a motion for summary judgment.

*Bowen v. U.S. Dep't of Justice*, 415 F. App'x 340, 345 n.4 (3d Cir. 2011); *see also Olivares v. United States*, 447 F. App'x 347, 352 n.6 (3d Cir. 2011) ("The [Rule 56] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" (citing *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004)).

### III.  DISCUSSION

The SFIP is a creature of statute, codified at 44 C.F.R. pt. 61, app. A (2009). All disputes arising out of the handling of any claim under a SFIP are governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq., the regulations promulgated thereunder by the Federal Emergency Management Agency ("FEMA"), and the federal common law. 44 C.F.R. pt. 61, app. A(1), art. IX; *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). FEMA authorizes private companies, known as "Write Your Own" ("WYO") Companies, to issue SFIPs and adjust SFIP claims. 44 C.F.R. §§ 61.13(f), 62.23; 42 U.S.C. § 4071(a)(1) (2003). WYO Companies must handle SFIP claims by applying internal company standards in light of FEMA guidance. *Suopys*, 404 F.3d at 807 (citing 44 C.F.R. § 62.23(i)(1)).

In order to qualify for benefits under the SFIP, an insured must comply with all of the SFIP's terms and conditions. 44 C.F.R. pt. 61, app. A(1), art. I. An insured must also perfect its obligations under the SFIP as a prerequisite to bringing an action against a WYO Company to contest a denial of coverage. 44 C.F.R. pt. 61, app. A(1), art. VII(R). The Third Circuit strictly construes a claimant's obligation to comply with SFIP provisions because any claim paid is a direct charge to the United States Treasury. *Suopys*, 404 F.3d at 809. One requirement is to submit "a proof of loss . . . signed and sworn to by you." 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4). The Third Circuit has also reiterated that the SFIP "require[s] [an insured] to submit

4

for approval a signed and sworn proof-of-loss statement by FEMA's deadline." *Psychiatric Sols., Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 652 F. App'x 122, 123–24 (3d Cir. 2016).

Plaintiff does not contest that he must submit a signed proof of loss to receive benefits under the SFIP. Neither does he dispute that the proof of loss Mehmel emailed to Defendant on April 29, 2014 contains no signature. Plaintiff instead asserts that there is a genuine dispute of material fact in reliance on his public adjuster Mehmel's declaration, which states that Mehmel "strongly believes" he sent a signed version to Defendant at some point before this litigation commenced. Mehmel, however, concedes that he has no documentation showing he ever transmitted it and is also unable to specify when he supposedly did so. In light of these deficiencies, the Court finds that Mehmel's declaration does not create a disputed issue of fact. Mehmel repeatedly claims he believes that he sent a signed version but fails to support that belief with any facts — neither documentation nor details of when and via what medium he submitted it. Conclusions formed via speculation, no matter how many times repeated, do not demonstrate personal knowledge. Because Mehmel's declaration contains no basis of knowledge for its claims, it fails to raise a genuine dispute of material fact.

Plaintiff's alternative arguments are utterly lacking. Plaintiff advances that the unsigned proof of loss bears a title that states the proof of loss is "sworn" and Defendant never challenged that description. The document's title does not alter its lack of a signature, and it is not Defendant's responsibility to remind Plaintiff of the SFIP's requirements. *Suopys*, 404 F.3d at 810 ("[T]he onus [is] on the insured to file the proof of loss within 60 days regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster."). For the same reason, the Court rejects Plaintiff's argument that the unsigned version is identical in content to the signed version. Plaintiff additionally urges the Court to relax the strict compliance

requirement for SFIP in order to prevent an injustice, and cites a Ninth Circuit case for support. Ninth Circuit law is not binding on this Court, and Third Circuit precedent clearly demands strict compliance with the SFIP. *Id.* at 809. Accordingly, the Court grants summary judgment in favor of Defendant.

## IV. CONCLUSION

For the reasons expressed above, Defendant's Motion for Summary Judgment is **GRANTED**.

Dated:  3/1/2017                                                         s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge